**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jamie Zheng, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>vs.<br><br>Mandarich Law Group, LLP,<br><br>       Defendant. | Civil Action No.: 1:19-cv-01626-FB-RER |

## DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Mandarich Law Group, LLP, by and through its undersigned counsel, hereby states its answer and affirmative defenses to the First Amended Complaint of Plaintiff, Jamie Zheng, as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

**ANSWER:**    **Defendant admits that Plaintiff has brought this action pursuant to the FDCPA but denies any violation of state or federal law.**

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

**ANSWER:**    **Deny.**

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**ANSWER:** **Defendant admits that venue is proper, but denies the actions and transactions occurred as alleged by Plaintiff.**

4. At all relevant times, Defendant conducted business within the State of New York.

**ANSWER:** **Admit.**

<u>**PARTIES**</u>

5. Plaintiff Jamie Zheng is an individual who is a citizen of the State of New York residing in Queens County, New York.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.**

6. Plaintiff is a natural person allegedly obligated to pay a debt.

**ANSWER**: **Admit.**

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.**

8. On information and belief, Defendant Mandarich Law Group, LLP, is an Illinois Limited Liability Partnership with a principal place of business in Cook County, Illinois.

**ANSWER:** **Deny.**

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

**ANSWER:** **Admit.**

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.**

11. The principal purpose of Defendant's business is the collection of such debts.

**ANSWER:** **Defendant admits that it is in the business of collecting debts owed to another. After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.**

12. Defendant uses the mails in its debt collection business.

**ANSWER:** **Admit.**

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.**

### THE FDCPA

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.**

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.**

16. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.**

17. In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.**

18. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.**

19. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives. *Russell*, 74 F.3d at 34.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.**

20.     The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.**

21.     Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.**

22.     Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.**

23.     Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

## ALLEGATIONS

25. Defendant alleges Plaintiff owes a debt ("the Debt").

**ANSWER:** Admit.

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

**ANSWER:** Defendant admits that the Debt was placed with it for collection. Defendant denies the remaining allegations in Paragraph 29.

30.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

**ANSWER:** Defendant admits that the Debt was placed with it for collection. Defendant denies the remaining allegations in Paragraph 30.

31.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated November 6, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

**ANSWER:** Admit.

32.     The Letter conveyed information regarding the alleged Debt.

**ANSWER:** Admit.

33.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

**ANSWER:** Deny.

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g and 1692e

35.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

7

**ANSWER:** **Defendant repeats and realleges its answers to the foregoing paragraphs as though fully stated herein.**

36. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.**

37. The written notice must contain the amount of the debt.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.**

38. The written notice must contain the name of the creditor to whom the debt is owed.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.**

39. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.**

40. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.    The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

**ANSWER:** After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**ANSWER:     After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.**

46.     A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

**ANSWER:     After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.**

47.     Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

**ANSWER:     After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.**

48.     The Letter is on the letterhead of "Mandarich Law Group, LLP Attorneys at Law"

**ANSWER:     Admit.**

49.     The Letter contains no statement pertaining to Plaintiff's rights following its indication that Plaintiff's account was assigned to a law firm.

**ANSWER:     Deny.**

50.     The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to dispute the debt.

**ANSWER:     Deny.**

51.     The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to demand validation of the debt.

**ANSWER:**     **Deny.**

52.     The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to request information concerning the current creditor.

**ANSWER:**     **Deny.**

53.     The least sophisticated consumer, upon reading that her was assigned to a law firm, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

**ANSWER:**     **Deny.**

54.     The least sophisticated consumer, upon reading that her account was assigned to a law firm, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the debt, she could nevertheless by sued even during the verification process.

**ANSWER:**     **Deny.**

55.     Defendant placed the required validation on the Letter in an inconspicuous manner.

**ANSWER:**     **Deny.**

56.     Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is less likely to realize that such rights are not affected by the fact Plaintiff's account was assigned to a law firm.

**ANSWER:**     **Deny.**

57.     Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to overlook the rights, especially in relation to the fact Plaintiff's account was assigned to a law firm.

**ANSWER:     Deny.**

58.     Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to believe the rights are unimportant, especially in relation to the fact Plaintiff's account was assigned to a law firm.

**ANSWER:     Deny.**

59.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

**ANSWER:     Deny.**

60.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

**ANSWER:     Deny.**

61.     As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer confused as to her rights.

**ANSWER:     Deny.**

62.     As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer uncertain as to her rights.

**ANSWER:     Deny.**

63.     Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

**ANSWER:     Deny.**

64. Defendant violated § 1692g(b) as the potential threat of legal action overshadows the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**ANSWER: Deny.**

65. Defendant violated § 1692g(b) as the potential threat of legal action is inconsistent with disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**ANSWER: Deny.**

66. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**ANSWER: After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.**

67. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

**ANSWER: After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.**

68. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER: After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.**

69. As a result of the foregoing, the Letter is deceptive.

**ANSWER: Deny.**

70. As a result of the foregoing, the Letter constitutes a deceptive means to attempt to collect the Debt.

**ANSWER:** **Deny.**

71. As a result of the foregoing, the Letter violates 15 U.S.C. §§ 1692g and 1692e

**ANSWER:** **Deny.**

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

**ANSWER:** **Defendant repeats and realleges the answers to the foregoing paragraphs as though fully stated herein.**

73. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.**

74. The Letter is on the letterhead of "Mandarich Law Group, LLP Attorneys at Law"

**ANSWER:** **Admit.**

75. The Letter identifies Defendant as a debt collector.

**ANSWER:** **Admit.**

76. Defendant was acting as a debt collector, as defined by the FDCPA, concerning Plaintiff's alleged debt.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.**

77. No attorney employed by Defendant had any meaningful involvement in the day-to-day collection of Plaintiff's alleged debt.

**ANSWER:**    **Deny.**

78.    The Letter's signature block is for "Mandarich Law Group, LLP," rather than any specific attorney.

**ANSWER:**    **Admit.**

79.    The Letter's signature block is unsigned.

**ANSWER:**    **Deny.**

80.    The Letter contains no disclaimer concerning the lack of attorney involvement in the collection of Plaintiff's alleged debt.

**ANSWER:**    **Deny.**

81.    The Letter misleads consumers into believing that there is meaningful attorney involvement in the collection of the debt.

**ANSWER:**    **Deny.**

82.    The least sophisticated consumer would likely be deceived by Defendant's conduct.

**ANSWER:**    **Deny.**

83.    The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

**ANSWER:**    **Deny.**

84.    The least sophisticated consumer would likely be deceived into believing that an attorney had meaningful involvement in the collection of the alleged debt.

**ANSWER:**    **Deny.**

85.    Defendant violated 15 U.S.C. § 1692e(3) by falsely implying that its collection letter is a communication from an attorney acting as an attorney.

**ANSWER:**    **Deny.**

## THIRD COUNT
## Violation of 15 U.S.C. § 1692g(a)(1)

86.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

**ANSWER:**     **Defendant repeats and realleges the answers to the foregoing paragraphs as though fully stated herein.**

87.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

**ANSWER:**     **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.**

88.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

**ANSWER:**     **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.**

89.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

**ANSWER:**     **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.**

90.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.**

91.     The Letter claims that Plaintiff owes $14,947.10.

**ANSWER:** **Admit.**

92.     Plaintiff did not owe $14,947.10 at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

**ANSWER:** **Deny.**

93.     Plaintiff did not owe $14,947.10 at the time Defendant sent Plaintiff the Letter.

**ANSWER:** **Deny.**

94.     Plaintiff did not owe $14,947.10 at the time Plaintiff received the Letter.

**ANSWER:** **Deny.**

95.     As such, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

**ANSWER:** **Deny.**

96.     As such, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

**ANSWER:** **Deny.**

97.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

**ANSWER:** **Deny.**

**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

17

98. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

**ANSWER:** **Defendant repeats and realleges the answers to the foregoing paragraphs as though fully stated herein.**

99. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.**

100. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.**

101. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.**

102. The Letter claims that Plaintiff owes $14,947.10.

**ANSWER:** **Admit.**

103. Plaintiff did not owe $14,947.10 at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

**ANSWER:** **Deny.**

104. Plaintiff did not owe $14,947.10 at the time Defendant sent Plaintiff the Letter.

**ANSWER:** **Deny.**

105. Plaintiff did not owe $14,947.10 at the time Plaintiff received the Letter.

**ANSWER:**    **Deny.**

106.    Defendant's allegation that Plaintiff owed $14,947.10 is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

**ANSWER:**    **Deny.**

107.    Defendant's allegation that Plaintiff owed $14,947.10 is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

**ANSWER:**    **Deny.**

108.    Defendant's allegation that Plaintiff owed $14,947.10 is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

**ANSWER:**    **Deny.**

109.    Defendant's allegation that Plaintiff owed $14,947.10 is the false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

**ANSWER:**    **Deny.**

110.    Defendant's allegation that Plaintiff owed $14,947.10 is the false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

**ANSWER:**    **Deny.**

111.    Defendant's allegation that Plaintiff owed $14,947.10 is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

**ANSWER:**    **Deny.**

112.    Defendant's allegation that Plaintiff owed $14,947.10 is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

**ANSWER:**    **Deny.**

113.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A)

and 1692e(10) and is liable to Plaintiff therefor.

**ANSWER:**   **Deny.**

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**

114.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

**ANSWER:**   **Defendant repeats and realleges the answers to the foregoing paragraphs as though fully stated herein.**

115.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

**ANSWER:**   **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.**

116.   As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

**ANSWER:**   **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.**

117.   The Letter claims the name of the creditor to whom the alleged Debt is owed is JH Portfolio Debt Equities, LLC.

**ANSWER:**   **Admit.**

118.   Plaintiff did not owe the alleged Debt to JH Portfolio Debt Equities, LLC at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

**ANSWER:**   **Deny.**

119.   Plaintiff did not owe the alleged Debt to JH Portfolio Debt Equities, LLC at the

time Defendant sent Plaintiff the Letter.

**ANSWER:** **Deny.**

120.     Plaintiff did not owe the alleged Debt to JH Portfolio Debt Equities, LLC at the time Plaintiff received the Letter.

**ANSWER:** **Deny.**

121.     Plaintiff was never indebted to JH Portfolio Debt Equities, LLC.

**ANSWER:** **Deny.**

122.     Plaintiff did not owe any money to JH Portfolio Debt Equities, LLC.

**ANSWER:** **Deny.**

123.     As such, JH Portfolio Debt Equities, LLC was not the correct name of the creditor to whom the alleged Debt was owed.

**ANSWER:** **Deny.**

124.     As such, Defendant failed to accurately provide the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

**ANSWER:** **Deny.**

125.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

**ANSWER:** **Deny.**

**SIXTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

126.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

**ANSWER:** **Defendant repeats and realleges the answers to the forgoing paragraphs as though fully stated herein.**

127.     The Letter claims that Plaintiff owes an alleged Debt to JH Portfolio Debt Equities,

LLC.

**ANSWER:** **Admit.**

128. Plaintiff did not owe the alleged Debt to JH Portfolio Debt Equities, LLC at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

**ANSWER:** **Deny.**

129. Plaintiff did not owe the alleged Debt to JH Portfolio Debt Equities, LLC at the time Defendant sent Plaintiff the Letter.

**ANSWER:** **Deny.**

130. Plaintiff did not owe the alleged Debt to JH Portfolio Debt Equities, LLC at the time Plaintiff received the Letter.

**ANSWER:** **Deny.**

131. Plaintiff was never indebted to JH Portfolio Debt Equities, LLC.

**ANSWER:** **Deny.**

132. Plaintiff did not owe any money to JH Portfolio Debt Equities, LLC.

**ANSWER:** **Deny.**

133. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.**

134. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

**ANSWER:** **After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134.**

135.    15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to collect or attempt to collect any debt.

**ANSWER:    After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135.**

136.    Defendant's representation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A).

**ANSWER:    Deny.**

137.    Defendant's representation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**ANSWER:    Deny.**

138.    Defendant's representation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**ANSWER:    Deny.**

139.    Defendant's representation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

**ANSWER:    Deny.**

140.    Defendant's representation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

**ANSWER:    Deny.**

141.    Defendant's allegation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

**ANSWER:    Deny.**

142.    Defendant's allegation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is the false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

**ANSWER:    Deny.**

143.    Defendant's allegation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is the false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

**ANSWER:    Deny.**

144.    Defendant's allegation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

**ANSWER:    Deny.**

145. Defendant's allegation that Plaintiff owed money to JH Portfolio Debt Equities, LLC, when Plaintiff did not owe money to JH Portfolio Debt Equities, LLC, is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

**ANSWER:** **Deny.**

146. Defendant's request that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**ANSWER:** **Deny.**

147. Defendant's request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**ANSWER:** **Deny.**

148. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**ANSWER:** **Deny.**

## CLASS ALLEGATIONS

149. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

**ANSWER:** **Deny.**

150. Plaintiff seeks to certify a class of:

> i. All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

**ANSWER:** **Deny.**

151. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

**ANSWER:** **Deny.**

152. The Class consists of more than thirty-five persons.

**ANSWER:** **Deny.**

153. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:** **Deny.**

154. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER:** **Deny.**

155. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

**ANSWER:** **Deny.**

## JURY DEMAND

156.    Plaintiff hereby demands a trial of this action by jury.

**ANSWER:**    **Defendant demands a trial by jury.**

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim against Defendant upon which relief may be granted.

2.    Plaintiff failed to mitigate her damages.

3.    Plaintiff has suffered no injury in fact sufficient to grant Article III standing.

Dated: July 8, 2019                Respectfully Submitted,

                    MANDARICH LAW GROUP, LLP

                    By: */s/ Nicole M. Strickler*
                        Nicole M. Strickler
                        Messer Strickler, Ltd.
                        225 W. Washington St., Ste 575
                        Chicago, Illinois 60606
                        Ph: (312) 334-3469
                        Fx: (312) 334-3473
                        nstrickler@messerstrickler.com
                        *Attorneys for Defendant*
                        *ADMITTED PRO HAC VICE*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 8, 2019 I caused to be electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

By: */s/ Nicole M. Strickler*
Nicole M. Strickler
Messer Strickler, Ltd.
225 W. Washington St., Ste 575
Chicago, Illinois 60606
Ph: (312) 334-3469
Fx: (312) 334-3473
nstrickler@messerstrickler.com
*Attorneys for Defendant*
*ADMITTED PRO HAC VIC*